NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 12 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ESMERALDA RAMIREZ REBOLLAR, A.J.S.R., K.Y.S.R., and V.J.S.R.,

        Petitioners,

  v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

No. 23-56

Agency Nos.
A215-818-231
A215-818-232
A213-818-233
A215-818-234

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 9, 2024[**]
San Francisco, California

Before: GOULD and BUMATAY, Circuit Judges, and SEABRIGHT,[***] District Judge.

Petitioners Esmeralda Ramirez Rebollar and her minor children (A.J.S.R.,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

K.Y.S.R., and V.J.S.R.), all citizens of Mexico, seek review of a decision of the Board of Immigration Appeals (BIA) dismissing their appeal of an Immigration Judge's (IJ) denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the Petition.

Substantial evidence supports the BIA's conclusion that Ramirez Rebollar was not subject to past persecution. She was neither physically harmed nor directly threatened while in Mexico. Nor does the record compel the conclusion that the circumstances surrounding her husband's murder and disappearance of her brother-in-law establish a threat to her, even if she feared harm from a drug cartel given those circumstances. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) (finding no persecution of petitioner subjected to vague threats from a gang member, unaccompanied by acts of violence); *Sumolang v. Holder*, 723 F.3d 1080, 1084 (9th Cir. 2013) (holding that harm to family members can constitute past persecution if the harm is "at least in part, directed against" the applicant).

---

[1] Under 8 U.S.C. § 1158(b)(3)(A), Ramirez Rebollar's minor children are derivative beneficiaries of her asylum application, but not for purposes of withholding of removal or CAT relief. *See Sumolang v. Holder*, 723 F.3d 1080, 1083 (9th Cir. 2013) ("The withholding of removal statute makes no . . . allowance for derivative beneficiaries."); *Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (recognizing there is no derivative relief under CAT).

2

Substantial evidence also supports the BIA's finding that Ramirez Rebollar did not establish a well-founded fear of future persecution. Moreover, she did not meet her burden to show that internal relocation is unreasonable. *See* 8 C.F.R. § 208.13(b)(3)(i); *Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) ("Even if the [future persecution] standard is met, an applicant is still ineligible for asylum if it would be reasonable under the circumstances to relocate within the country to avoid future persecution."). After her husband's death, Ramirez Rebollar was not harmed or threatened after moving 20 minutes away from Michoacán to live with her mother for six weeks, or near the U.S.-Mexico border for a month. Multiple family members remain safely near Michoacán, and others have relocated within Mexico without being harmed.

The failure to prove past persecution or a well-founded fear of future persecution renders Ramirez Rebollar ineligible for either asylum or withholding of removal. *See Hussain*, 985 F.3d at 646; *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021) (reiterating that an applicant that fails to satisfy the persecution standard for asylum necessarily fails to satisfy the more stringent standard for withholding).

Thus, we need not address the BIA's and IJ's alternative grounds for denying relief, i.e., whether Ramirez Rebollar established a nexus to a protected ground such as membership in a particular social group, and whether persecution

was committed by forces the Mexican government was unable or unwilling to control.  *See, e.g.*, *Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) ("Because [an independent ground] is dispositive, we need not reach the other issues.").

Finally, because the evidence does not compel the conclusion that Ramirez Rebollar would more likely than not be tortured if returned to Mexico, we uphold the BIA's denial of CAT relief.  *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022); 8 C.F.R. § 1208.16(c)(2).

**PETITION DENIED.**